UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ana Perisic

Write the full name of each plaintiff.

23 CV 4916

_____CV_______________
(Include case number if one has been assigned)

-against-

Ogden CAP Properties, LLC; Jeannie Silberman;
John McDermott; Abby Black Elbaum;
Philip Milstein

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☐ Yes ☒ No

2023 JUN 12 PM 3:27

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Ana | | Perisic
First Name | Middle Initial | Last Name

460 Main Street Apt. 4Q
Street Address

New York
County, City | State | Zip Code

9173558059
Telephone Number

anabgd67@gmail.com
Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: Ogden CAP Properties, LLC
Name
545 Madison Avenue
Address where defendant may be served
New York | NY | 10022
County, City | State | Zip Code

Defendant 2: Jeannie Silberman - Ogden CAP Prop.
Name
545 Madison Avenue
Address where defendant may be served
New York | NY | 10022
County, City | State | Zip Code

Defendant 3: John McDermott- Ogden CAP Properties
Name
545 Madison Avenue
Address where defendant may be served
New York NY 10022
County, City State Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Ogden CAP Properties, LLC - Management Office
Name
225 E 95 Street
Address
New York NY 10128
County, City State Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ______________________

☐ color: ______________________

☐ religion: ______________________

☐ sex: ______________________

☐ national origin: ______________________

Defendant 4: Abby Black Elbaum – Ogden CAP Prop.
545 Madison Avenue
New York NY 10022

Defendant 5: Philip Milstein
545 Madison Avenue
New York NY 10022

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: ______________

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: hypoxia with Covid 19

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: hypoxia with Covid 19

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

______________________________________________

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): ______________________________

______________________________

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Please see attached document regarding my case.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

**Case details**[1]

1. I was hired by Ogden CAP Properties, LLC predecessor Milford Management on 9/1/1995 as an administrative assistant. Milford Management was split into two companies on 7/1/2003. Although I was offered continued employment at Milford Management, I decided to take a position with Ogden CAP Properties, LLC. I was with Ogden CAP Properties, LLC at its inception and participated in building up the Company so it could function (while working weekends and after hours). For most of my working years I accumulated positive reviews and was considered an asset to the Company.
2. I would like to note that I've been suffering from high blood pressure for 27 years and I've been on blood pressure medication ever since my diagnosis. My pressure has been very unstable, and I found it very hard to keep it under control even with medication. I regularly suffer from headaches and frequently get chest pains when my pressure is out of control. Therefore, I exercise great caution when I need to take anything that can damage my heart. Therefore, upon hearing of the potential side effects of the vaccine as blood clots and myocarditis, I wanted to have a cardiologist exam to minimize the risk of any heart damage. I would like to note that my husband is on the truck all over the USA throughout the year and I'm raising 3 teenage kids alone in New York City.
3. Since the beginning of the Covid19 pandemic I had been testing regularly per Company policy to make sure that I didn't have the virus and I was not contagious in the office. On October 18, 2021, another email was sent by Eileen Dalton, the HR Department and I was asked to test three times a week (Monday, Wednesday and Friday) if not vaccinated and was warned about possible vaccine mandate. The email also said that I would have a right to submit the vaccine exemption(s), medical and religious. On October 18, 2021, I inquired about receiving those forms and was sent the religious form only, with a response over the phone that the medical exemption would not be granted by the Company. I preferred a medical exemption because I believed I was at higher risk due to my condition.
4. On December 18, 2021, the vaccine mandate was implemented with a deadline of December 27, 2021 to submit proof of vaccination. The email announcing the policy stated that Ogden will accept both types of exemptions, medical and religious exemption. On the same day I emailed Eileen Dalton, the HR Department and asked why I was given the wrong information on October 18, 2021. I explained that I had lost two valuable months in getting the medical exemption. Now I had no time to find a new cardiologist (my internist and cardiologist had both recently retired) to have a checkup and to make sure that I can receive the vaccine. Subsequently, the HR Department granted me until 1/21/2022 to provide an exemption or proof of vaccination.
5. On January 09, 2022, I fell ill with a high fever and was called sick the next day. I was diagnosed with Covid19 on 1/13/2022. Eileen Dalton (Human Resource Department) contacted me via email on 01/14/2022 and asked if I can either submit my exemptions for COVID19 or produce proof of vaccination. I stated that I'm unable to do so because of

[1] This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

my illness and high fever and I also informed her in the same email that I was diagnosed with COVID 19.

6. I went to CityMD Urgent Care on 01/17/2022, as my condition worsened. I fainted at CityMD and was admitted to Mt. Sinai Hospital the same evening. They told me my oxygen levels were low and I needed to be on the oxygen machine. I also developed pneumonia with COVID 19 the first week of my hospital stay. Kelly Herzfeld, my direct supervisor and the Normandie Court Building Manager contacted me via text message on 01/18/2022 to inquire about my health condition. I texted Kelly that I was in the hospital with COVID and low oxygen levels. During my hospital stay and over the next several days I was in contact with my office and coworkers. They were asking me for my credentials so they could access my computer. I stayed in the hospital from 1/17/2022-1/28/2022 and was released from the hospital with two oxygen machines to use at home while recovering.
7. On 1/23/2022 when I was still in the hospital, my husband received the letter from Ogden CAP Properties, LLC terminating my employment. The letter was dated 01/20/2022, before my deadline to provide the vaccination exemption paperwork had even passed. The letter terminated my employment retroactively on 1/14/2022, stating the termination of employment was due to my vaccine status.
8. Eileen Dalton from the HR Department contacted me about COBRA coverage and explained to me that during my sickness I was entitled only to my sick days and two weeks of vacation pay. No other disability benefits or COVID 19 protection rights were granted to me. I had short- and long-term disability insurance with my employment where I was paying for the long-term disability separately from my paycheck for a number of years. These types of private disability insurance would pay out 60% of my salary during my illness. Eileen also claimed that Human Resources was not aware of my hospital stay even though I had told my direct supervisor Kelly Herzfeld I was in the hospital with low oxygen levels on 01/18/2022.
9. I would like to know the reason why Ogden did not honor the accommodation they had granted me, namely giving me until 1/21/2022 to coordinate with a new cardiologist to provide paperwork necessary for Ogden to accommodate my heart condition. Furthermore, Ogden did not offer me reasonable accommodation (more time so I could recover and continue to participate in the interactive process) once they knew I was in the hospital.
10. I don't understand why I was not given the disability benefits I was due when I was fully employed during my hospital stay. No COVID 19 protection rights were granted either. By law, I was entitled to COVID pay (guaranteed by Federal Government) and subsequently disability benefits. Ogden CAP Properties LLC should have put me on disability immediately upon learning I was in the hospital. I reported my hospitalization to Kelly Herzfeld, my direct supervisor on 01/18/2022. I followed my chain-of-command. I was fully employed during my hospital stay and was in close contact with the management office at Normandie Court, while Human Resources was working insidiously to terminate my employment.

11. When interviewed by the Department of Labor for my unemployment benefits, the DOL representative informed me that I was wrongfully terminated and advised me to hire an attorney. I was not able to find one and decided to pursue justice on my own.
12. After I recovered, I went to a cardiologist and after my concerns were addressed, I voluntarily received COVID 19 vaccine.
13. I respectfully request that the Court grant me the damages feel I am owed due to Ogden CAP, LLC's actions. They refused my severance package (denied to me but granted to others) and denied my bonus for which I worked hard for in the calendar year of 2021. My employment was terminated after 28 years of hard work and loyalty to the Company without even a thank you. I was left with nothing. The Company did not provide me with access to disability benefits that were available to me under Federal and State Law. i couldn't pay for my follow up medical appointments after my hospital release. I would like to receive the damages for my emotional distress, back pay, cashing out my vacation days because they didn't give me short- or long-term disability policy benefits, compensation for lost benefits, punitive damages, bonus and severance pay (granted to others but not to me), court costs and any other remedy the Court deems proper.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? 06/2022

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? 03/21/2023

When did you receive the Notice? 03/23/2023

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

I would like to receive monetary damages due to my wrongful termination and disregard for any of my rights during my illness. I worked for the company 28 years and in those years I paid for the long term disability for number of years. When sick they denied me everything and terminated me retroactively, while sick and hospitalized.

They denied me COVID protection pay and any kind of termination package.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

6/12/2023 — Ana Perisić

Dated — Plaintiff's Signature

Ana — Perisic

First Name — Middle Initial — Last Name

460 Main Street Apt. 4Q

Street Address

New York — NY — 10044

County, City — State — Zip Code

917-355-8059 — anabgd67@gmail.com

Telephone Number — Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St. 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/21/2023

**To:** Ana Perisic
460 Main Street
Apt 4Q
New York, NY 10044

Charge No: 16G-2022-03177

EEOC Representative and email: TIMOTHY RIERA
Deputy Director
TIMOTHY.RIERA@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
03/21/2023

Timothy Riera
Acting District Director

Cc: **Ogden Cap Properties LLC**
**Attn: Director of Human Resources**
**390 Park Avenue**
**Suite 600**
**New York NY 10022**

Please retain this notice for your records.