**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

ANA PERISIC,

                              Plaintiff,

               -against-

OGDEN CAP PROPERTIES, LLC, *et al.*,

                              Defendants.
-------------------------------------------------------------------X

**ORDER**

**23-cv-4916 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On September 20th, the Court received a letter from the Defendants requesting a conference, stating they have "recently received communications from pro se Plaintiff Ana Perisic pertinent to the pending motion. Specifically, on September 13, 2023, Ms. Perisic requested Defendants' consent to her voluntary dismissal of this action, without prejudice. In light of our pending motion, and Plaintiff's pro se status, we advised Ms. Perisic that we would be requesting a conference with the Court to discuss her request." Dkt. No. 28.

The same day, the Plaintiff submitted a letter saying, "I am writing to request that the Court dismiss my case without prejudice. I have agreed to stipulate to the dismissal of the Rehabilitation Act claims against all defendants and the ADA claims against the individual defendants. All that remains is the ADA claim against Ogden CAP Properties. I am asking that claim to be dismissed without prejudice." Dkt. No. 29.

The Parties were previously scheduled to appear for oral argument on the Motion to Dismiss in September. Dkt. No. 23. In light of the Parties' letters, the oral argument was canceled. Instead, the Court held a video conference.

At the video conference, Ms. Perisic insisted that she understood that she was agreeing to withdraw some claims with prejudice and others without prejudice She further emphasized that she understood that withdrawing the claims meant she could not continue to pursue the withdrawn claims. On September 28th, the Parties submitted a letter purporting to withdraw claims, but Judge Torres rejected the letter because Plaintiff's signature was not dated. Dkt. No. 32.

On October 19th, Plaintiff submitted a new letter saying, "I would like to withdraw my dismissal without prejudice and continue with my case against Ogden Cap Properties, LLC. All other terms of our Agreement remain the same." Dkt. No. 34.

Defendants then filed their own letter saying, "Defendants respectfully request that an Order be entered dismissing with prejudice all claims under the Rehabilitation Act and all claims against the Individual Defendants. In addition, in view of the impact of the aforementioned events to the schedule set forth in the Case Management Plan approved by the Court on August 23, 2023 (ECF No. 22), it is respectfully requested that all dates set forth therein be extended by forty-five (45) days." Defendants also stated that they remain willing to attend the previously scheduled settlement conference set for November 30th.

The Parties are directed to confer and provide the Court with **a status update by November 21st** that states the Parties' positions on the following questions:

- Are the Parties still interested in attending a settlement conference on November 30th?

- Do the Parties intend to submit a properly signed and dated Stipulation withdrawing the claims Plaintiff still wants to withdraw?

- Does the Plaintiff consent to Defendant's proposed 45-day extension of all the deadlines in the Case Management Plan approved on August 23, 2023?

- Does either Party request oral argument on the motion to Dismiss?

SO ORDERED.

DATED:   New York, New York
         November 14, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge